| | |
|---|---|
| | |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) No. CV-09-8184-PCT-JAT (LOA) |
|---|---|
| Plaintiff/Respondent, | ) CR-08-41-PCT-JAT |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Francis Naswood, | ) |
| Defendant/Movant. | ) |

On October 16, 2009, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1) On January 25, 2010, Respondent filed a Response. (Doc. 5) On February 11, 2010, Movant filed a Reply and a separate Motion to Supplement and Amend his § 2255 Motion. (Docs. 6, 7) The Court granted Movant leave to file an Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and advised Movant that an amended pleading would supplant his previously filed § 2255 Motion. (Doc. 9) On May 21, 2010, Movant timely filed an Amended § 2255 Motion and a supporting memorandum. (Docs. 12, 13) Respondent has filed a Response, to which Movant has replied. (Docs. 15, 19) Accordingly, this matter is ripe for review. For the reasons set forth below, Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 should be denied.

/ / /

/ / /

/ / /

**I. Procedural History**

On January 24, 2008, a two-count indictment was filed against Movant in the United States District Court, District of Arizona, charging Movant with the following: (1) Count 1: On January 8, 2008, in the confines of the Navajo Indian Reservation, Indian Country, Movant, an Indian, knowingly and recklessly assaulted Thomas Whitehead, resulting in serious bodily injury in violation of 18 U.S.C. § 1153 and 113(a)(6); (2) Count 2: On January 8, 2008, in the confines of the Navajo Indian Reservation, Indian Country, Movant, an Indian, knowingly and recklessly assaulted Sharon Smith, resulting in serious bodily injury in violation of 18 U.S.C. § 1153 and 113(a)(6). (CR Doc. 11[1])

Movant entered into a written plea agreement with the Government pursuant to which he agreed to plead guilty to "Assault Resulting in Serious Bodily Injury as charged in Count 1 of the Indictment charging [Movant] with a violation of Title 18, United States Code Sections 113(a)(6) and 1153, a class C felony offense." (CR Doc. 39) The plea agreement set forth the "maximum penalties" stating that a violation of 18 U.S.C. § 113(a)(6) is "punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 10 years, or both and a term of supervised release of not more than 3 years." (CR Doc. 39 at 2) The plea agreement also provided that the court shall

> [o]rder the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663 and Section 5E1.1 of the Guidelines, the court determines that restitution would not be appropriate in this case. *The defendant specifically agrees to make restitution to the victims in both count 1 and count 2 of this case.*

(CR Doc. 39 at 2) (emphasis added)

The plea agreement contained the following agreement regarding sentencing:

> d. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case: The defendant's sentence shall not exceed the sentencing guideline range in the appropriate offense level and criminal history category as determined by the court. *The defendant shall also receive a three level downward adjustment*

---

[1] Citations to "CR Doc." are to the record in the underlying criminal matter, *United States of America v. Francis Naswood*, 3:08CR41-PCT-JAT.

*for acceptance of responsibility if he accepts responsibility to the probation department and the court at sentencing.*

(CR Doc. 39 at 2) (emphasis added).

Movant also agreed to waive his right to appeal or collaterally attack "any matter pertaining to this prosecution and sentence, if the sentence imposed is consistent with the terms of this plea agreement." (CR Doc. 29 at 3)

During the April 28, 2008 change of plea hearing, Magistrate Judge Michelle H. Burns inquired about Movant's understanding of the plea agreement and the voluntariness of the plea. (CR Doc. 58, Tr. 4/28/08) Magistrate Judge Burns asked whether Movant reviewed the terms of the plea agreement with counsel and whether all of his questions had been answered before signing the plea agreement. Movant responded, "Uh-huh." (CR Doc. 58 at 8–9) Magistrate Judge Burns asked Movant about his understanding of the plea agreement, and whether it included all of the promises made to him. Movant responded affirmatively. (*Id.* at 9) Movant further stated that, other that what was contained in the plea agreement, no other promises had been made to him regarding his sentence. (*Id.*) Movant advised the Court that he entered the plea agreement voluntarily. (CR Doc. 58 at 9)

Magistrate Judge Burns reviewed Movant's sentencing exposure, including the requirement that he pay restitution as part of his sentence. (CR Doc. 58 at 11) Movant affirmed that he understood that he would be required to pay restitution. (*Id.*) Magistrate Judge Burns also reviewed the term in the plea agreement regarding acceptance of responsibility. (CR Doc. 58 at 13) Movant indicated that he understood that he would not receive a three-point downward adjustment for acceptance of responsibility unless he "demonstrate[d] an acceptance of responsibility." (CR Doc. 58 at 12-13) Defense counsel then clarified that he had explained to Movant that, in order for him to get the acceptance of responsibility downward adjustment, he would have to agree to the factual basis in support of his guilty plea in court and "in an interview with the Probation Department." (CR Doc. 58 at 13) The Court again emphasized that Movant's receipt of the downward adjustment for acceptance of responsibility was "dependent upon [Movant] demonstrating that

acceptance before [he gets] the benefit of that agreement." (CR Doc. 58 at 14) Movant confirmed that he understood those terms. (*Id.*)

On October 14, 2008, the Honorable James A. Teilborg, United States District Judge, accepted Movant's guilty plea. (CR Doc. 52) Before sentencing, the Government objected to the three-level downward adjustment for acceptance of responsibility and requested a two-level enhancement for obstruction of justice. (CR Doc. 32) Movant opposed the objection. (CR Doc. 33) After hearing arguments from counsel and from Movant himself, the Court "sustained the Government's objection to the three-level subtraction for acceptance of responsibility." (CR Doc. 52 at 24) The Court also sustained the two-level enhancement for obstruction of justice. (CR Doc. 52 at 24) The Court then sentenced Movant on Count 1 to 87 months imprisonment, with credit for time served. (CR Doc. 52 at 47) The Court further ordered that, upon release from imprisonment, Movant be placed on supervised release for three years. (CR Doc. 40; CR Doc. 52 at 48) The Court dismissed Count 2 of the indictment on the Government's motion. (CR Doc. 52 at 53)

On November 10, 2008, Movant filed a notice of appeal with the Ninth Circuit Court of Appeals. (CR Docs. 42, 46) On Movant's motion for voluntarily dismissal, the Ninth Circuit dismissed the appeal on May 15, 2009. (CR Doc. 64)

Thereafter, on October 16, 2009, Movant filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1) Thereafter, Movant filed a Motion to Amend his § 2255 Motion, which the Court granted. (Docs. 7, 9) On May 21, 2010, Movant timely filed his First Amended Motion pursuant to § 2255 and a supporting memorandum. (Docs. 12, 13) Movant identifies two grounds for relief in his Amended § 2255 Motion: (1) counsel was ineffective for advising him to dismiss his appeal pursuant to Rule 40(a)(3); and (2) counsel was ineffective for advising him to dismiss his appeal pursuant to Rule 40(a)(3) and that, absent counsel's advice, Movant would have pursued his appeal and "challenged the acceptance of responsibility issue because it was within my appeal rights as stated in the plea agreement." (Doc. 12 at 5-6) In support of his Amended § 2255 Motion, Movant submits a Memorandum of Fact and Law. (Doc. 13)

Movant's memorandum includes arguments supporting his claims and clarifies Movant's claim in Ground One that counsel was ineffective for advising Movant to dismiss his direct appeal because his guilty plea did not waive his right to appeal his sentence based on a claim that the restitution order exceeded statutory authority. (Doc. 13)

The Government has responded in opposition to the Amended § 2255 Motion, and Movant has replied. (Docs. 15, 19) Accordingly, this matter is ripe for review. For the reasons set forth below, Movant's Amended § 2255 Motion should be denied.

**II. Analysis**

In Grounds One and Two, Movant argues that the waiver of his right to file a direct appeal was not knowing and voluntary because it was entered "due to the fact of ineffective assistance of counsel." (Doc. 1 at 5) Specifically, Movant argues that: (1) counsel was ineffective for advising Movant to dismiss his direct appeal because his guilty plea did not waive his right to appeal his sentence based on a claim that the restitution order exceeded the Court's statutory authority; and (2) counsel was ineffective for advising him to dismiss his appeal pursuant and, absent counsel's advice, Movant would have pursued his appeal and "challenged the acceptance of responsibility issue because it was within my appeal rights as stated in the plea agreement." (Docs. 12, 13)

**A**. **Restitution Order**

In Ground One, Movant asserts that counsel was ineffective for advising him to dismiss his direct appeal and that, absent counsel's advice, he would have challenged the restitution order. The basis of Movant's first ground for relief is that the restitution order to repay the Apache County Victim Compensation Fund was improper because, as a governmental entity, it is not a compensable victim.

To establish ineffective assistance of counsel, Movant must establish that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) he was prejudiced thereby. *Strickland v. Washington*, 466 U.S. 668, 688-692 (1984)). To be deficient, counsel's performance must fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. When reviewing counsel's performance,

the court engages a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Review of counsel's performance is "extremely limited." *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on other grounds*, 525 U.S. 141 (1998). Acts or omissions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Strickland*, 466 U.S. at 689.

To establish a Sixth Amendment violation, petitioner must also establish that he suffered prejudice as a result of counsel's deficient performance. *Strickland*, 466 U.S. at 691-92; *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006) (stating that "a violation of the Sixth Amendment right to effective representation is not 'complete' until the defendant is prejudiced.") To show prejudice, petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999); *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998). The court may proceed directly to the prejudice prong. *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000) (citing *Strickland*, 466 U.S. at 697). The court, however, may not assume prejudice solely from counsel's allegedly deficient performance. *Jackson*, 211 F.3d at 1155. The *Strickland* standard applies equally to a defendant who has been "represented by counsel during the plea process and enters his plea upon the advice of counsel . . . ." *Hill v. Lockhart*, 474 U.S. 52, 56-58 (1985). As discussed below, Movant's claims of ineffective assistance of counsel fails.

Movant asserts that appellate counsel advised him to dismiss his direct appeal because any claim challenging the restitution order was frivolous. (Doc. 13 at 2) She further advised Movant that he had waived his right to appeal. (*Id*. at 2-3) Movant argues

that counsel was ineffective for advising him to dismiss his appeal because a valid challenge to the restitution order existed.

Relevant here, is the Court's order that Movant pay $12,734.38 in restitution to the Apache County Victim Compensation Fund. (CR Doc. 52 at 47) Movant challenges the restitution order as exceeding the Court's statutory authority. Federal Courts have only statutory authority, not inherent authority, to order restitution. *See United States v. Andrews*, 600 F.3d 1167, 1172 (9th Cir. 2010) (citing *United States v. Brock-Davis*, 504 F.3d 991, 996 (9th Cir.2007)); *United States v. Hicks*, 997 F.2d 594, 600 (9th Cir. 1993). The Victim and Witness Protection Act of 1982 ("VWPA"), applicable to this case, is a restitution statute which authorizes a discretionary payment for certain offenses. 18 U.S.C. § 3663. The Mandatory Victims Restitution Act of 1996 ("MVRA"), another restitution statute, authorizes mandatory payment for crimes of violence and property offenses, 18 U.S.C. § 3663A. "'[T]he [VWPA and the MVRA] are identical in all important respects, and courts interpreting the MVRA may look to and rely on cases interpreting the VWPA as precedent.'" *Andrews*, 600 F.3d at 1173 (quoting *United States v. Gordon*, 393 F.3d 1044, 1048 (9th Cir.2004)). The restitution award in this case was issued under the VWPA, 18 U.S.C. § 3663. (CR Doc. 39 at 2)

In support of his claim that the restitution order exceeded the Court's statutory authority, Movant cites *United States v. Follet*, 269 F.3d 996, 999 (9th Cir. 2001). In *Follet*, the Ninth Circuit reversed a restitution order which directed a defendant convicted of sexual abuse of a minor to pay a government-funded facility for the treatment provided to the victim of the abuse. The facility, located on an Indian reservation, provided services to eligible clients, including the victim, at no cost to them. The Ninth Circuit's decision was based on the language of the restitution statute involved there, 18 U.S.C. § 2248(b)(3), which provides that only "'any costs incurred by the victim' are subject to restitution orders." *Follett*, 269 F.3d at 1000. Because the victim in *Follett* did not incur any costs for treatment, the Ninth Circuit "held that the applicable statute did not authorize restitution for costs she did not incur, including costs borne by the facility. [The *Follett* court] noted that

- 7 -

other restitution provisions used different language and appeared to permit payment to third parties, however." *Andrews*, 600 F.3d at 1173 (citing *Follett*, 269 F.3d at 1000-01).

Unlike *Follett*, in this case, the victim was seen by a dentist, in private practice, and obtained a proposed treatment plan to have the teeth that Movant damaged replaced. (Doc. 27) The victim then contacted the Apache County Victim Compensation Fund and obtained $12,734.38 to cover those expenses because the Indian Health Service did not provide coverage for the required dental care. (Doc. 15 at 2; Doc. 27) Plaintiff received the dental care from a dentist in private practice who did not provide the services free of cost.

Title 18 U.S.C. § 3664 provides that "the court must order restitution to be paid directly to an insurer (or other source of compensation) if there is a 'victim' within the meaning of the MVRA and if the third party compensated the victim for some or all of the victim's loss." *U.S. v. Cliatt*, 338 F.3d 1089, 1092 (9th Cir. 2003). In *Cliatt*, the court upheld a restitution order that directed payment directly to a government facility that treated the victim without charging the victim. *Id*. The victim was an active-duty member of the Army, and was treated in a military hospital for injuries she suffered when she was attacked by defendant, who was convicted of voluntary attempted manslaughter. *Id*. The court found that it need not resolve whether the hospital qualified as a victim under 18 U.S.C. § 3663, because § 3663A(b)(2)(A) & (B) provided that restitution must cover "what it costs to care for the victim whether or not the victim paid for the care or was obligated to do so." *Cliatt*, 338 F.3d at 1091.

Recently, in *United States v. Andrews*, the Ninth Circuit confirmed that it is "proper for the district court to order as part of the restitution award that payment for the victim's lost income be made directly to the third party that had reimbursed the victim for that loss . . ., rather than to the actual victim of the crime." *Andrews*, 600 F.3d 1167, 1172 (9th Cir. 2010) (finding it appropriate to under 18 U.S.C. § 3663A(b)(2) to order restitution directly to a third party, but remanding to the district court to permit defendant to present expert testimony regarding whether defendant's actions were the proximate cause of the victim's injuries.).

In this case, as a result of Movant's actions, the victim required dental work. The dentist that treated the victim was not a provider of free care. The victim received funds from the Apache County Victim Compensation Fund to pay for necessary dental care. (Doc. 27) Title 18 U.S.C. § 3664(j)(1) provides that:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1). Restitution paid directly to the Apache County Victim Compensation Fund is appropriate under 18 U.S.C. § 3664(j)(1). *See Andrews*, 600 F.3d at 1173. Because the Court was statutorily authorized to order as part of its restitution order that payment for the victim's dental care be made directly to the third party, the Apache County Victim Compensation Fund, that provided the funds for that care, Plaintiff cannot establish that appellate counsel was ineffective for advising him to dismiss a direct appeal challenging the restitution order.

### B. Acceptance of Responsibility

In Ground Two, Movant argues that counsel was ineffective for advising him to dismiss his direct appeal because, absent counsel's advice, he would have challenged "the acceptance of responsibility issue." (Doc. 12 at 6; Doc. 13 at 7) Movant's claim is based on his assertion that the Court relied on an outdated version of Sentencing Guideline § 3E1.1 and erred in failing to give him credit for acceptance of responsibility. Movant also argues that he did not have notice that the Court intended to consider rejecting a downward departure for acceptance of responsibility. As discussed below, Movant was aware before sentencing that the acceptance of responsibility downward departure was at issue and, because the Court correctly denied Movant such a downward departure, counsel was not ineffective concerning this issue.

Contrary to Movant's assertion, the Court did not err in declining to give him credit for acceptance of responsibility. Movant initially accepted responsibility for his

crime when he pled guilty and agreed to the factual basis for his conviction. (Doc. 58) However, following the change of plea hearing, during his interview by the probation officer who was preparing the pre-sentence report, Movant modified his version of the events to minimize his conduct. (CR Docs. 32, 33; CR Doc. 52 at 8, 9) Movant also sent letters to the victim professing his love, perhaps hoping she would corroborate his version of the events so that he would receive a reduced sentence. (CR Doc. 32, CR Doc. 52 at 6-7)

The plea agreement provided that:

> Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case: The defendant's sentence shall not exceed the sentencing guideline range in the appropriate offense level and criminal history category as determine by the court. *The defendant shall also receive a three level downward adjustment for acceptance of responsibility if he accepts responsibility to the probation department and the court at sentencing*.

(CR Doc. 39 at 2) (emphasis added)

At the change of plea hearing, Movant admitted the following: that on June 8, 2008, he "entered the residence of Sharon Smith in Fort Defiance, Arizona without permission"; "once inside the residence, he obtained a claw hammer and hit Thomas Whitehead in the head with it repeatedly"; "that this caused . . . serious and permanent physical injury to Thomas Whitehead." (CR Doc. 58 at 20-21) Before sentencing, the Government objected, in its "Objections to PSR", to Movant receiving an acceptance of responsibility downward adjustment and requested a two-level obstructing justice upward adjustment based on Movant providing misleading information to the probation officer and attempting to influence the victim. (CR Doc. 32) The Government argued that, to be entitled to the acceptance of responsibility adjustment under U.S.S.G. § 3E1.1, Movant must "truthfully admit[] the conduct comprising the offense of conviction and truthfully admit[] or not falsely deny[] any additional relevant conduct." (CR Doc. 32 at 2) The Government argued that Movant had not truthfully admitted the conduct comprising the offense because he misled the probation officer by "maintaining that he was defending himself and a third party, his girlfriend, who was being raped by the victim." (*Id*. at 2)

In his Objections to the Pre-Sentence Report, Movant stated that he did "not dispute that the injuries he inflicted upon [the victims] were horrific and permanent. . . Defendant Naswood accepts responsibility for his actions . . . ." (CR Doc. 33 at 3) He further stated that:

> [i]t is important to note that despite not having expressed remorse for his actions during the interview with the probation department, Defendant Naswood has expressed contrition and remore to [his attorney]. In fact, Defendant Naswood has informed [his counsel] of his desire to tell the Court at the time of sentencing in his own words just how regretful he is regarding his conduct in the present offense.

(CR Doc. 33 at 3)

At the commencement of the sentencing hearing, the Court indicated that there were two issues to resolve regarding sentencing, "the enhancement for obstruction and the subtraction for acceptance of responsibility." (CR Doc. 52 at 5) The Court verified that Movant had read the presentence investigation report, and then heard arguments from counsel on the sentencing issues. (*Id*. at 5-.12) The Court also permitted Movant to address the Court regarding whether he was going to accept responsibility. (CR Doc. 52 at 13) Movant read from a written statement which he had prepared that stated that:

> The Defendant: My hope in writing this letter is to give everyone present a better understanding of Francis Naswood, the defendant.
>
> To begin, I realize I have been a frustrated and bitter man who verbally abused almost every day of my life and often resorted to physical violence in the process.
>
> Now, I am trying to tell you I was not an easy man to qualify me as an honorary citizen. I wasn't. Your Honor, I was many of the things that the prosecution claims, and those whom have testified against me do not understand just how frustrating my life has been. The truth's in the fact that people have tried to deal with this man who wouldn't listen, who was instrumental in the failure of careers, relationships, who refused to — who refused to be loved and show the love and respect people deserve.
>
> But stop for a minute. Stop and consider the source of all that anger. You know, after all, little boys aren't born bad. No little boy starts out hating the world. Just give me a second here.
>
> Your Honor, you know, life hasn't been easy for me. I had one loving parent. I've had to walk through hell to even get anywhere. The road to Christianity is harder for some people than it is for others. Some are born with a holy spoon in their mouth. My life is built on a foundation of soul-wrenching tragedy. You know, I've lived through a broken home

| | |
|---|---|
| 1 | without a father but rather, drunken, abusive uncles. You know, I've lived in the ghetto with soul-killing poverty. |
| 2 | |
| 3 | I once read an article in the newspaper about how reservations are quite similar to a third world country. Go to a third world country and you've been to a reservation. You know, I've had many experiences that left me traumatized and angry at the world. |
| 4 | |
| 5 | Now I am going through a time of heartache. Low self-esteem and depression doesn't boost morale neither. Neither does losing my brother and grandmother who were so valuable to my upbringing. I've lost my chance to take custody of my son and I've lost the opportunity to share with my mom and brothers what joy God has given me, and I've lost my home, my livelihood, my love, her two daughters that I so eagerly provided for, her mom and dad that so needed help, my health, my pride, my dignity, self-worth, my reputation that was slowly but surely progressing, and even my fellowship with the church I attend. |

(CR Doc. 52 at 15-16) Movant's written statement that he read to the Court continues for three more pages during which he discusses the difficulties he faced in life, including during his time in the Navy. (CR Doc. 52 at 16-19) He stated that he "would like an apology of some sort, a little consideration, just a small recognition by society of the injustice that has been done to me . . . ." (*Id*. at 17) He pleaded that the Court to "have mercy" on him because "[n]o has ever given [him] a chance." (CR Doc. 52 at 18) He stated that "I'm truly sorry for the victim. I do not need additional time for punishment. My life has been hell enough." (CR Doc. 52 at 19) Despite his lengthy presentation to the Court, Movant never accepted responsibility for his conduct that gave rise to his conviction as was required by the plea agreement and the Sentencing Guidelines.

The Court made the following finding:

The Court will sustain the Government's objection to the three-level subtraction for acceptance of responsibility, on the basis, basically, articulated by the Government that there has been a fundamental failure on the part of the defendant to accept responsibility, and indeed it was further amplified here in open court today where the defendant was basically totally preoccupied — you would have thought he was the victim in all of this as opposed to the real victim or victims.

And so it is crystal clear the defendant has basically failed to accept responsibility for what he did and does indeed see himself as the victim.

So the three-level subtraction for acceptance of responsibility will be denied.

The Court will overrule the objection to the two-level enhancement for

> obstruction of justice on the basis of the defendant's conduct following the incident, and even without getting to the issue of the letters, and I'm not ruling out the letters also being a basis for obstruction, but clearly his conduct and his nonsense story, as the Government called it, constitute obstruction. So that two-level addition will be sustained.
>
> Which then results in a — by way of recap, a base offense level of 14, four levels added because a dangerous weapon was employed, and six levels added because the victim suffered permanent and life-threatening injury, which then results — well, and then with two levels for obstruction, that becomes an adjusted offense level of 26, and denying the three levels for acceptance of responsibility becomes a total offense level of 26, with a guideline range of 70 — seven zero — to 87 months.

(CR Doc. 52 at 24-25)

There is nothing in the record to support Movant's assertion that the Court relied on an outdated version of the sentencing guidelines in declining to give Movant a downward adjustment for acceptance of responsibility. At the time of Movant's sentencing, Section 3E1.1(a) provided that, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." U.S.S.G. § 3E1.1(a).

The application note 3 provides that:

> Entry of a plea of guilty prior to the commencement of trial combined with truthfully admitting the conduct comprising the offense of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (see Application Note 1(a) ), will constitute significant evidence of acceptance of responsibility for the purposes of subsection (a). However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.

U.S.S.G. § 3E1.1, note 3.

Here, the Court found that Movant failed to accept responsibility based on the modified version of the events he gave to the probation department which minimized his conduct and his statement to the Court which cast Movant as a victim, rather than accepting responsibility for his conduct. During the sentencing hearing, Movant never accepted responsibility for his actions. The plea agreement provided that Movant would receive a three level downward departure for acceptance of responsibility "if he accepts responsibility to the probation department and to the court at sentencing." (CR Doc. 39 at 2)   This

- 13 -

requirement is consistent with the applicable United States Sentencing Guideline, § 3E1.1, note 3, which requires the defendant to "truthfully admit[] the conduct comprising the offense of conviction and truthfully admit[] or not falsely deny[] any additional relevant conduct." *Id.* In view of Movant's failure to accept responsibility to the probation officer and to the Court, he was not entitled to a reduction based on acceptance of responsibility. Because the acceptance of responsibility reduction was inapplicable, counsel was not ineffective regarding this issue. Accordingly, Movant's claim for relief fails.

**III. Conclusion**

Movant's claims raised in his Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, docs. 12, 13, lack merit. Accordingly, his Amended Motion should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Movant's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, doc. 12, be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right

to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

DATED this 29th day of July, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge