WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

United States of America,

Plaintiff/Respondent,

vs.

Francis Naswood,

Defendant/Movant.

No. CV-09-8184-PCT-JAT (LOA)
No. CR-08-0041-PCT-JAT

**ORDER**

Pending before the Court are: (1) Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 1 ) as amended (Doc. 12) (the "habeas petition"); (2) the Government's Response in Opposition to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 and the Supplemental Response (Docs. 5 and 15); (3) Movant's Opposition to Government's Response in Opposition to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 19); (4) Movant's Supplemental to Movant's Opposition to Government's Supplemental Response in Opposition to Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 28); (5) the Magistrate Judge's Report and Recommendation to the Court (Doc. 32); Movant's Objections to Magistrate Judge's Report and Recommendation (Doc. 37) (the "Objections").

The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R") which recommended that the habeas petition be denied. Movant

has filed objections to the R&R. This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portion's of the [Magistrate Judge's] recommendations to which the parties object").

In the Objections, Movant has three theories of ineffective assistance of counsel based on: (1) the court's restitution order; (2) the court's failure to downward depart for acceptance of responsibility; and (3) the court's use of the obstruction of justice sentencing enhancement. This case involves two defense attorneys, one of whom represented Movant through the sentencing hearing (the "sentencing counsel") and another of whom represented Movant on appeal (the "appellate counsel"). Movant's ineffective assistance claim extends to both attorneys.

The Magistrate Judge identified two additional theories of ineffective assistance of counsel in the motion: (1) Movant's appellate counsel incorrectly advised his client to dismiss his direct appeal on the restitution order issue; and (2) Movant's appellate counsel incorrectly advised his client to dismiss his direct appeal on the acceptance of responsibility issue. Specifically Movant argues the restitution order erroneously compensates a non-victim. Movant also argues that: (1) the sentencing court erroneously concluded he did not accept responsibility; (2) the sentencing court did not provide sufficient reason for its diversion from the Sentencing Guidelines; (3) the sentencing court did not provide sufficient notice of decision to deny the acceptance of responsibility adjustment; and (4) the sentencing court used an outdated version of the Sentencing Guidelines. The appellate counsel advised Movant that in the plea agreement Movant waived his right to appeal his sentence, and thus, should dismiss his direct appeal. In turn, Movant argued that his appellate counsel's advise was erroneous because Movant had not waived his right to appeal an illegal sentence.

In the Objections, Movant contests the R&R's resolution of both issues. Movant specifically objects to the Magistrate Judge's determination of the acceptance responsibility issue on the ground that Movant did satisfactorily accept responsibility. Movant generally objects to the Magistrate Judge's rejection of the: (1) restitution issue on the ground of compensation of a non-victim; (2) acceptance of responsibility issue on the ground of reliance on outdated version of the Sentencing Guidelines; (3) acceptance of responsibility issue on the ground of the court's departure from the Sentencing Guidelines without notice. In the Objections, Movant also adds new grounds to support the restitution and acceptance of responsibility issues that were not previously raised in his habeas petition or in the R&R. These grounds are: (1) the restitution order exceeded the amount of harm actually caused by Movant; and (2) the acceptance of responsibility determination relied on faulty evidence. Movant also raises a new issue – obstruction of justice – on the ground that the sentencing counsel failed to object to Government's inability to satisfy the *mens rea* element.

## I. LEGAL STANDARD

Under *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny, "[a]n ineffective assistance claim has two components: A petitioner must show that counsel's performance was deficient, and that the deficiency prejudiced the defense. To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (internal citations and quotation omitted). A deficient performance is one that is "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To demonstrate prejudice, Movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Without specifics that cause the Court to have such doubts, a claim of ineffective assistance of counsel must be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (noting that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

## II. OBJECTIONS TO THE REPORT AND RECOMMENDATION

### *A. Appellate Counsel*

After de novo consideration of Movant's claims of ineffective assistance of appellate counsel on the acceptance of responsibility and restitution order issues, the Court denies Movant's request for habeas relief because the counsel's advice to dismiss the appeal was not ineffective. Specifically, counsel's advice was consistent with Movant's plea agreement; thus, counsel's advice was not outside the wide range of professionally competent assistance.

### *B. Sentencing Counsel*

In the Objections, Movant specifically challenges the resolution of the acceptance of responsibility issue on the ground that he did, in fact, accept responsibility in accordance with the plea agreement. An entry of a guilty plea alone does not entitle Movant to an acceptance of responsibility reduction as a matter of right. U.S. Sentencing Guidelines § 3E1.1, n. 3 (2008). Movant does not have to volunteer information beyond the relevant conduct of the offense of conviction. U.S.S.G. § 3E1.1, n. 1(a). However, Movant is required to "truthfully admit[] the conduct comprising the offense of conviction and truthfully admit[] or not falsely deny[] any additional relevant conduct." *Id.*

Movant asserts that he did "initially accept[] responsibility" and again that "Movants [sic] posture is he accepted responsibility." (Doc. 37 at 6). Movant explained that "he only understood that he would not receive a three-point downward adjustment for acceptance of responsibility unless he demonstrated an acceptance of responsibility. Counsel only mentioned the factual basis with respect to accepting responsibility to [sic] assaulting Whitehead . . . ." (*Id.* at 5). Therefore, Movant claims that "he accepted responsibility to assaulting Whitehead." (*Id.*).

The plea agreement, which Movant signed on April 6, 2008, states that "[t]he defendant shall also receive a three level downward adjustment for acceptance of responsibility if he accepts responsibility *to the probation department* and *the court at sentencing*." (CR Doc. 39 at 2, 6) (emphasis added). At the change of plea hearing, Movant acquiesced to the factual basis underlying the criminal charges. (*Id.* at 20-21). However, at

an interview with the probation officer Movant contradicted the factual basis by claiming that on the night in question he acted in self-defense. The presentence report indicates that over the course of the interview Movant recanted this story and ultimately accepted responsibility to the factual basis of the offense. However, Movant did so based on the contents of the police report and not because he had adopted the factual basis of the offense. At the sentencing hearing, Movant explained, "I don't know what happened. I was inebriated beyond recognition and I don't know what happened. I don't – I don't know what happened whatsoever." (CR Doc. 52 at 47). Movant continued to insist that he could not remember how the course of events unfolded and that he accepted responsibility because "all the fingers are being pointed at [Movant]." (*Id.*). At one point, Movant stated that he accepted responsibility, although it is unclear to what that acceptance relates and to whom it was addressed. (*Id.* at 19). Further, Movant acknowledged only that "there's two victims and, yeah, they're hurt bad." (*Id.* at 46). In the Objections, Movant continues to allege that he "is still not sure what happen [sic] that night, or if what he seen [sic] was in fact real." (Doc. 37 at 8).

These facts refute Movant's claim of accepting responsibility. Movant's insincere acceptance of responsibility to the probation officer is suspect. Movant cannot claim to truthfully accept responsibility, and simultaneously claim he doubts he engaged in the conduct. Similarly, Movant also cannot claim to have accepted responsibility at sentencing. The words "I accept responsibility" alone, without a corresponding explanation as to what he is accepting, fall short of qualifying for a downward adjustment for acceptance of responsibility at sentencing. (Doc. 52, at 19). Therefore, Movant's assertion to the contrary is without merit.    Thus, it would have been futile for Movant's counsel to make any objection to the acceptance of responsibility claim on this theory. Counsel's failure to take futile action can never constitute deficient performance. *Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996). Accordingly, because the court did not err in denying Movant the downward departure, this theory of ineffective assistance fails and this objection is overruled.

In his habeas petition, Movant raised the acceptance of responsibility issue on the

ground that the sentencing court did not provide specific reasons for its diversion from the Sentencing Guidelines. (Doc 13 at 9). This assertion is unsupported by the record.

Movant argued that "the record is not clear for . . . the appellate court to review effectively the acceptance of responsibility in movants [sic] case." (*Id.* at 8-9). Movant explained that in accordance with *United States v. Brady*, 928 F.2d 844 (9th Cir. 1991), "a sentencing court must state the specified reason for imposition of a sentence different from that described in the guideline with sufficient particularity to permit meaningful appellate review of the departure decision." (*Id.* at 9).

The sentencing court provided sufficient explanation for its decision to deny Movant's acceptance of responsibility departure and to grant Government's request for obstruction of justice enhancement. At the start of the hearing, the sentencing court indicated that the two issues for consideration were the obstruction of justice and acceptance of responsibility adjustments. (Doc. 52 at 5). The court allowed both Movant's attorney and Movant himself to address both issues. In response, Movant read for the court his written statement that addressed, almost exclusively, Movant's status as a victim:

> I just would like an apology of some sort, a little consideration, just a small recognition by society of the injustice that has been done to me, not to mention others like me, if there are any. I think not.

(*Id.* at 17). The only remote indication of accepting responsibility for the assault of his two victims appeared at the end of his statement, as follows:

> I am not a monster. I have a God and I have a five-year-old son with one dimple. His name is Ethan. I call him baby son. He's a happy kid. That tells me I'm doing something right. God speaks to me, the person you call a monster. That proves I'm a good person and that's all the proof I need. You know, I'm sorry I hurt you. I accept punishment. I accept responsibility. I just ask to please forgive me. . . . And again, I'm truly sorry for the victim. I do not need additional time for punishment. My life has been hell enough.

(*Id.*).

After considering Movant's statement, the sentencing court rejected a sentencing reduction for acceptance of responsibility because "there has been a fundamental failure on the part of the defendant to accept responsibility." (*Id.* at 24). The court added that "the defendant was basically totally preoccupied – you would have thought he was the victim in

all of this as opposed to the real victim or victims." (*Id.*). Subsequently, the court also agreed that the obstruction of justice enhancement was warranted because of Movant's "nonsense story" to the probation officer. (*Id.*). Despite providing sufficient reason for its initial determination, the court allowed Movant an opportunity to clarify his earlier statements. In this address, the Movant added only that "there's two victims and, yeah, they're hurt bad." (*Id.* at 47). He insisted he did not clearly recollect details regarding his assault of the victims because he was "inebriated beyond recognition," while simultaneously reciting exact details as to the number of times the police officers knocked on the door and his communication with a witness and the police. (*Id.* at 45, 47). Based on this testimony, the court concluded:

> The Court's decision to deny acceptance of responsibility and to add two levels for obstruction of justice has simply been further fortified by the defendant's appearance here today.
>
> The defendant has demonstrated that he is a master manipulator that will use the truth or lack thereof to his convenience, and it is clear that he embarked upon what the Government has quite properly called a nonsense series of statements after this event and it is equally clear from looking at the record and then hearing the defendant today that he is preoccupied with himself. He still sees himself to be a victim and is essentially oblivious to the devastation that he visited upon the true victims in this case and their families and their extended families.

(*Id.* at 50-51).

Accordingly, the Court is satisfied that a sufficient record exists for any appellate review of the sentence. Movant has provided no evidence to show that his counsel's actions in developing the record at sentencing were outside the range of reasonable representation. As a result, this objection is overruled.

While Movant does not make specific objections to the rest of the conclusions reached in the R&R, the Court will nonetheless conduct a de novo review of the Magistrate Judge's determinations. First, in his habeas petition, Movant argued that his sentencing counsel was ineffective for advising him to dismiss his challenge to the restitution order on the grounds that it improperly compensates a non-victim. (Doc. 13 at 2). The Court does not reach the merits of Movant's claim because Movant employs an unsuitable vehicle to contest his restitution order.

A movant "cannot collaterally attack his restitution order in a § 2255 motion." *United*

*States v. Thiele*, 314 F.3d 399, 401 (9th Cir. 2002). Incorporating the restitution relief claim into a motion for release from custody will not sidestep the prohibition because "[n]on-cognizable claims do not morph into cognizable ones by osmosis." *Id*. at 402. A court must look to the relief sought and if such relief is unavailable under § 2255, then a court may not grant it. *Id.* Movant's attempt to "couch[] his restitution claim in terms of ineffective assistance of counsel" is equally fruitless. *Id.*

In his next claim of ineffective assistance on the acceptance of responsibility issue, Movant argued that the sentencing court used an outdated version of Sentencing Guideline § 3E1.1 because it required him to admit to relevant conduct beyond the offense of conviction. (Doc. 13 at 8). Movant's conclusory allegation is unsupported by the record. Section 3E1.1(a) does not mandate admission of relevant conduct outside the charged offense to qualify for acceptance of responsibility adjustment. U.S.S.G. § 3E1.1, n. 1. Yet, § 3E1.1 also does not preclude the court from denying such adjustment for conduct inconsistent with the acceptance of responsibility. *Id.* at n. 3. In fact, Application Note 4 to § 3E1.1 adds that "[c]onduct resulting in an enhancement under § 3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *Id.* at n. 4. The transcript from the sentencing hearing does not indicate that the court required Movant to admit to relevant conduct outside the offense. The sentencing court granted the obstruction of justice enhancement. Thus, the court arrived at a determination that is compatible with the language of the guidelines as they existed at the time of sentencing. Because the record entirely contradicts Movant's claim, the objection is overruled.

Finally, Movant asserted that the determination of the acceptance of responsibility issue was erroneous because he had no notice of the court's intention to depart from the presentence report recommendations. (Doc. 13 at 14). Movant claims that the court also denied him the opportunity to contest such departure. (*Id.*)

In *Brady*, the Ninth Circuit explained that notice requires that "the court must advise the defendant that it is considering departure based on a particular factor and allow defense counsel an opportunity to comment." *Brady*, 928 F.2d at 847 (citing *United States v. Nuno-*

*Para*, 877 F.2d 1409, 1415 (9th Cir. 1989)) (citations omitted) (emphasis added).

After receiving the presentence report, the Government petitioned the court to reject the acceptance of responsibility downward adjustment and to grant the upward adjustment for obstruction of justice. (Doc. 32). Movant, through his attorney, filed an objection to the presentence report. (Doc. 33). At the start of the sentencing hearing, the court indicated that it had “only two issues to resolve that bear on sentencing . . . the enhancement for obstruction and the subtraction for acceptance of responsibility.” (Doc. 52 at 5). The court then allowed the defense counsel to comment on the two issues. (*Id.* at 5-9). The court also allowed Movant to present additional information and argue for the reduction before making its final ruling. Movant took advantage of this opportunity twice during the sentencing hearing. (Doc. 52 at 14-19, 43-47). The sentencing court made its determination based on Movant’s comments during the sentencing hearing.

The Court concludes that Movant received the notice required by *Brady*. Moreover, the Court finds that Movant had ample opportunity to present his argument through his attorney and through his own direct address to the court. Movant has provided no evidence to demonstrate that his counsel’s assistance was deficient. Therefore, Movant’s objection is overruled.

## III. New Grounds Raised in the Objections

In the Objections, Movant sets forth additional grounds to support his restitution and acceptance of responsibility claims, as well as raises a new issue. This is the first time these arguments have been presented. Federal courts are to construe liberally the “inartful” pleadings of pro se litigants. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). Thus, although Movant does not specifically state in his pleading that he is attempting to amend his habeas petition, the court will “liberally construe” this as an attempt to amend his habeas petition to add new claims.

Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended “as provided in the rules of procedure applicable to civil actions.” Rule 15(a) allows a party to amend his complaint once as a matter of right. Fed. R. Civ. P. 15(a). The Magistrate Judge has already

permitted Movant to amend the complaint and Movant has exercised that right by filing an amended habeas petition and a supporting memorandum. (Doc. 9, 12, 13). The Court will, nonetheless, consider Movant's amended claims to determine their merit.

*A. Restitution Order*

Movant argues that his sentencing counsel was ineffective because he failed to object to the amount of the restitution. Movant claims that he did not cause the amount of harm for which he is required to compensate his victims. As discussed above, the Court does not reach the merits of Movant's claim because Movant cannot challenge a restitution order in a habeas petition. *Thiele*, 314 F.3d at 401.

*B. Acceptance of Responsibility*

Movant argues that the sentencing counsel was ineffective because he failed to object to the court's reliance on faulty evidence. More specifically, Movant alleges that "the Court relied on evidence that lacks a sufficient indicia of reliability to support its probable accuracy because testimony relied on was founded on confusion, mistake, faulty memory and was insufficient." (Doc. 37 at 4). Movant's allegation as to the unreliability of the evidence upon which the court based its denial of the downward departure is deficient.

In the Objections, Movant correctly cites the standard for considering unreliable evidence. (Doc. 37 at 4). Although the sentencing judges are generally granted ample discretion to consider evidence that may be inadmissible at trial, the discretion does not extend to evidence that lacks "sufficient indicia of reliability to support its probable accuracy." *United States v. Hopper*, 27 F.3d 378, 382 (9th Cir. 1994) (citing *United States v. Burns*, 894 F.2d 334, 337 (9th Cir. 1990)). Movant also correctly states that the failure to object to such evidence results in a waiver of the objection on appeal. (Doc. 37 at 4-5); *see Hopper*, 27 F.3d at 382.

At sentencing, the court relied both on the Movant's in-court statements and the summary of the interview between Movant and the probation officer that the probation officer

recounted in the presentence report.[1] In the Objections, Movant insists that the evidence is unreliable because it "was founded on confusion, mistake, [and] faulty memory." (*Id.*). Movant argues that his defense counsel should have made the objection on those grounds and the attorney's failure to do so resulted in the denial of a downward departure. (Doc. 37 at 4).

However, Movant fails to correctly apply the cited standard. First, it is unclear how the sentencing counsel could have questioned the reliability of the in-court statement made under oath by his own client. Additionally, Movant still does not appear to dispute the probation officer's recounting of the interview discussions. Thus, it is unclear why the probation officer's testimony would have been sufficiently suspect to prompt an objection by the sentencing counsel. Movant also fails to acknowledge his own failure to dispute the reliability of the evidence at sentencing. Despite two separate and direct addresses to the court, Movant did not make any attempt to clarify his own in-court statements or object to the accuracy of the probation officer's recounting of the interview. After hearing all of the evidence against him, Movant chose to object exclusively to the accuracy of the statements made by the witnesses on the victims' behalf. (Doc. 52 at 46). Therefore, Movant cannot show that he is entitled to relief by claiming that his counsel was ineffective for failing to object.

*C. Obstruction of Justice*

Movant argues that his defense counsel was ineffective because he failed to object on the issue of obstruction of justice. Movant's argument is grounded in the *mens rea* element, wilfulness, inherent in the obstruction of justice enhancement. *See* U.S.S.G. § 3C1.1. Movant alleges that Government failed to prove Movant's wilfulness in obstructing justice and therefore, the enhancement was not warranted.

The Sentencing Guidelines direct a court to increase the offense level of a defendant

---

[1] Movant also claims that the sentencing court considered evidence of love letters in making its determination. The love letters would only have been relevant to the issue of obstruction of justice. The sentencing court, however, chose to overrule Movant's objection to the obstruction of justice enhancement "on the basis of [Movant's] conduct following the incident . . . even without getting to the issue of the letters." (Doc. 52 at 24). Therefore, Movant's objection to the reliability of the love letters is misplaced.

who "willfully obstruct[s] . . . the administration of justice with respect to the . . . sentencing of the instant offense of conviction" where such conduct is connected to "the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. This provision is not triggered by the defendant's "refusal to admit guilt or provide information to a probation officer." U.S.S.G. § 3C1.1, n. 2. However, if a defendant chooses to provide any information to a probation officer, such information may not be "materially false . . . in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, n. 4 (listing examples of conduct justifying the obstruction of justice enhancement). In making its determination, a court should note "that inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory, and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice." "[T]he term 'willfully' requires that the defendant 'consciously act with the *purpose* of obstructing justice.'" *United States v. Lofton*, 905 F.2d 1315, 1316-17 (9th Cir. 1990) (citing *United States v. Stroud*, 893 F.2d 504, 507 (2d. Cir. 1990)).

The Court finds that the sentencing court had sufficient basis to find that Movant acted wilfully in obstructing justice by lying to the probation officer to obtain a lower sentence for his crime. At the presentencing interview, Movant voluntarily recounted two conflicting scenarios as what happened on the night of the offense. One scenario suggests that Movant attacked two victims out of anger and another scenario suggests that Movant valiantly attempted to rescue his girlfriend from a rapist. The probation officer used the information supplied in the presentence interview to arrive at an appropriate recommendation for Movant's sentence. At the sentencing hearing, Movant further pursued his theory that he is the true victim, instead of an offender and pleaded with the court to avoid imprisonment for his crime. Movant's statements prior to and at the sentencing hearing indicate Movant's determination to manipulate the facts surrounding the offense of conviction and Movant's role in the offense to significantly decrease or eliminate his imprisonment. The Ninth Circuit has previously found that a misrepresentation that can result in "an inaccurate sentencing computations" justifies the obstruction of justice enhancement. *United States v. Baker*, 894 F.2d 1083, 1084

(9th Cir. 1990).

Moreover, Movant's recitation of the events at the presentence interview is not a mere inaccuracy on collateral matters, but is inconsistent with the evidence that goes to the heart of the offense. Despite evidence of an assault on the female victim with the same weapon used to allegedly ward off her rapist, Defendant insisted he attempted to come to her rescue. Movant was aware of the evidence mounted against him, pled guilty to the offense, and, yet chose to relate the events of the offense in a manner that painted him as a hero, instead of an aggressor. Such conduct is not indicative of a faulty memory or confusion, but of a determination to evade full punishment for his actions. Therefore, Movant's sentencing attorney was not ineffective for failing to object to the court's ruling on the enhancement, on the basis that Government did not prove the *mens rea* element of the enhancement.

## IV.   CERTIFICATE OF APPEALABILITY

A judge may issue a Certificate of Appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

The Court finds that jurists of reason would not find it debatable whether this Court was correct in its procedural ruling on the issue of restitution order. As explained above, Movant also has not made a substantial showing of the denial of a constitutional right on any of his other theories of ineffective assistance of counsel.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 37) is **ACCEPTED and ADOPTED**;

**IT IS FURTHER ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, in the event Movant files an appeal, the Court denies issuance of a certificate of appealability because Movant has not made a substantial showing of the denial of a constitutional right on any of his claims and, as to the claims involving the restitution order, jurists of reason would not find this court's procedural ruling debatable;

**IT IS FINALLY ORDERED** that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 12) is **DENIED WITH PREJUDICE**; and the Clerk of the Court shall enter judgment accordingly.

DATED this 16th day of November, 2010.

James A. Teilborg
United States District Judge